

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF OREGON

**TRISH M. BROWN**
CHIEF JUDGE

1001 S.W. FIFTH AVENUE, # 700
PORTLAND, OREGON 97204
(503) 326-1592

STEPHEN A. RAHER
LAW CLERK

SUZANNE M. MARX
JUDICIAL ASSISTANT

December 17, 2015

Douglas R. Ricks
Vanden Bos & Chapman, LLP
319 SW Washington St., Suite 520
Portland, OR 97204

Richard W. Todd
Todd & Shannon, LLP
226 W. Historic Columbia River Hwy.
Troutdale, OR 97060

**VIA CM/ECF ONLY**

Re:   In re Joseph G. Cortese, Case No. 15-33118-tmb13

Dear Counsel:

On September 14, 2015, Joseph Cortese ("Debtor") filed an Objection to Claim No. 10 (the "Claim Objection," ECF No. 25), objecting to the priority claim filed by his ex-spouse Andrea Cortese. The parties filed briefs in November 2015. I write today to announce a partial ruling and to request additional evidence.

The Claim Objection originally articulated four bases for Debtor's objection. Debtor has since conceded that Claim Number 10 is not duplicative of Claim Number 4 (filed by the Oregon Division of Child Support), which leaves three remaining contested issues, each of which is addressed in turn.

## Real Party-in-Interest
According to Ms. Cortese, Claim Number 10 is based on a judgment for attorney fees (the "Judgment") entered in *Cortese v. Cortese*, Clackamas County Circuit Court Case Number DR09110671 (the "State Court Case"). Debtor argues that Ms. Cortese is not the proper party-in-interest because she allegedly failed to list the Judgment on her schedules when she filed a bankruptcy petition in 2012.

When a debtor fails to schedule an asset (including a judgment), that asset does not revert to the debtor upon the closing of the case, but instead remains property of the bankruptcy estate. *Cusano v. Klein*, 264 F.3d 936, 945-946 (9th Cir. 2001). Yet a debtor does not need to identify every asset with exhaustive precision; rather, a debtor sufficiently discloses assets when she "provide[s] inquiry notice to affected parties to seek further detail if they require[] it." *Id.* at 947.

In Ms. Cortese's case, she identified a claim for support against Debtor. *See* Case No. 12-36060-tmb7, ECF No. 12 (Schedule B). That this claim consisted of several different judgments entered

in the same proceeding is not material—the trustee was on notice that a claim against Debtor existed. Indeed, as Ms. Cortese has shown, the trustee had little interest in pursuing this asset since it is likely exempt.

Accordingly, I hold that Ms. Cortese is the real party-in-interest in regards to Claim Number 10.

### Status as Domestic Support

Debtor also argues that the Judgment is an attorney fee award levied as a "punitive measure against the Debtor," and therefore does not qualify as a domestic support obligation for purposes of section 507(a)(1).

It does appear that the Judgment was entered as a sanction against Debtor; however, this is not dispositive. When a court awards attorney fees in connection with a proceeding to determine child custody or support, such award is often classified as a domestic support obligation in bankruptcy. *E.g., In re Moser*, 530 B.R. 872, 876 (Bankr. D. Or. 2015) (holding that attorney fee award based on bad-faith conduct was a domestic support obligation because "[t]he bad faith identified by the state court related to the debtor's conduct towards the child and the child's relationship with claimant."). Debtor's reliance on *Koch v. Olsson (In re Olsson)*, 532 B.R. 810 (D. Or. 2015) is not persuasive. In *Olsson*, the district court affirmed a ruling that an attorney-fee award was not a domestic support obligation due in part to the fact that it "did not arise from proceedings to determine custody, visitation rights or child support." *Id.* at 813. Here, the evidence submitted by Ms. Cortese shows that the State Court Case resulted in the court awarding custody of children and support to Ms. Cortese. Thus, it is highly likely that some or all of the Judgment constitutes a domestic support obligation.

Nonetheless, it is impossible for the court to make a final determination because of insufficient evidence and the procedural complexity of the State Court Case. A review of the state court docket (Declaration of Richard W. Todd (ECF No. 47), Exh. A) shows that there were five separate judgments entered in the proceeding. The opinion of the Oregon Court of Appeals (*Id.*, Exh. C) indicates that some of the trial-court proceedings involved division of the couple's property (which is *not* a domestic support proceeding). In addition, I have concerns about the reliability of the evidence submitted. Mr. Todd's declaration indicates that the Judgment was entered sometime *prior to* June 29, 2011. *See* Todd Decl. ¶ 4 (describing the June 29, 2011 judgment has having been entered "subsequent to" the judgment at issue here). Yet Debtor's brief alleges that the Judgment was entered on August 5, 2011. Debtor's Mem. (ECF No. 40), at 3. Confusing matters further, the only evidence before this court is an unsigned copy of a proposed judgment that gives no indication of whether such judgment was ever entered, and contains a signature line reading "March ___, 2011." Ricks Decl. (ECF No. 40), Exh. 2 at 2.

To determine whether the Judgment is entirely or partially a domestic support obligation under section 507(a)(1), this court needs a clearer picture of what transpired in the State Court Case, and what tasks were performed by Ms. Corteses's counsel. In order to issue a final ruling on the Claim Objection, the court requires additional evidence as detailed at the end of this letter.

**Claim Amount**
Debtor also argues that Claim Number 10 simply asserts the face amount of the Judgment, with no adjustments for amounts paid by Ms. Cortese's bankruptcy estate or recovered through writs of garnishment issued in the State Court Case. In light of the evidence now in the record, the court agrees that Ms. Cortese must show what funds (if any) were recovered through garnishment, and how such funds were applied.

On the other hand, the amounts paid from Ms. Cortese's bankruptcy estate are not relevant. If Mr. Todd received payment from his client or his client's bankruptcy estate, any such payment merely reduces Ms. Cortese's liability to her lawyer; it does not impact Debtor's liability to Ms. Coertese on a duly entered judgment.

Ultimately, the relevant inquiry is: what funds did Ms. Cortese receive in satisfaction of her various judgments, and how were they applied among the judgments? I request the relevant supporting information below.

**Additional Evidence**
As stated above, this court needs additional information before it can fully adjudicate the Claim Objection. No later than January 11, 2016, counsel for Ms. Cortese must file the following with the court:

　　1.　　True and correct *signed* copies of each judgment entered in the State Court Case.

　　2.　　Billing invoices for all attorney fees incurred in the State Court Case *prior to* the date of the judgment that forms the basis for Claim Number 10.

　　3.　　An accounting of all funds received by or on behalf of Ms. Cortese in full or partial satisfaction of any judgment in the State Court Case (including a notation of the judgment(s) to which such funds were applied).

To the extent that any of the invoices responsive to item 2 above contain privileged information, counsel shall file redacted versions and simultaneously submit unredacted paper copies to my chambers for *in camera* review. I will keep this case through confirmation and then it will be transferred to Judge Randall L. Dunn.

　　　　　　　　　　　　　　　　　Very truly yours,

　　　　　　　　　　　　　　　　　Trish M. Brown